# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### FLORENCE DIVISION

Travis Sintell McCrae,

Plaintiff Pro Se,

v.

Progressive Commercial Insurance Company,

and Related Agents, Adjusters, and Counsel including

The Law Office of Pucin & Freidland, Inc.,

Defendants.

Civil Action No.: _____

---

# VERIFIED MOTION FOR RECOGNITION OF CLAIMS, ACCOUNTING, DECLARATORY RELIEF, DAMAGES, EQUITABLE ENFORCEMENT, AND PRESERVATION OF RIGHTS

---

## I. INTRODUCTION

Plaintiff respectfully moves this Honorable Court for recognition and enforcement of claims arising from Defendants' refusal to honor commercial insurance obligations, rejection of lawful

1

tendered payments, failure to comply with accounting standards, unjust enrichment, and conduct constituting bad faith insurance practices resulting in significant financial injury.

## II. SUBJECT MATTER JURISDICTION

This Court has jurisdiction under:

### Federal Question Jurisdiction — 28 U.S.C. §1331

Including violations involving:

- 15 U.S.C. §1605 — finance charge disclosure and accounting transparency

- 18 U.S.C. §1341 — mail fraud (if fraudulent communications used)

- 18 U.S.C. §1343 — wire fraud relating to electronic communications

- 18 U.S.C. §1344 — financial institution fraud (where applicable)

- 18 U.S.C. §1512 — obstruction of justice through interference with claims processing

- 18 U.S.C. §1962 — racketeering activity (if pattern of fraudulent conduct established)

(Note: criminal statutes establish basis for misconduct allegations but civil liability arises from related reasoning.)

### Diversity Jurisdiction — 28 U.S.C. §1332

Plaintiff is a citizen of South Carolina.

Defendant Progressive Commercial Insurance Company is incorporated and headquartered in Ohio.

Amount in controversy exceeds $75,000.

## III. FACTUAL BACKGROUND

2

1. Plaintiff maintained a commercial insurance relationship with Defendant Progressive Commercial Insurance Company.

2. Plaintiff tendered payments consistent with policy obligations.

3. Defendants rejected lawful tender and failed to provide accurate accounting.

4. Defendants denied contractual performance without lawful justification.

5. Plaintiff requested financial accounting and disclosure; Defendants failed to comply.

6. Defendants retained financial benefit while denying contractual obligations, constituting unjust enrichment.

7. Communications from counsel associated with Defendants contained misleading or obstructive representations impacting claim resolution.

8. Plaintiff's nonprofit operations, Nipsey'z Checkmate Inc., sustained financial harm and disruption.

## IV. ELEMENTS OF CLAIMS

### A. Breach of Contract

Failure to perform obligations despite valid tender and compliance.

### B. Insurance Bad Faith

Unreasonable denial or delay in performance, failure to investigate properly, and lack of transparency.

### C. Unjust Enrichment

Defendants retained financial benefit under inequitable circumstances.

### D. Failure to Provide Accounting

Defendants failed to maintain and disclose transparent financial accounting.

### E. Breach of Fiduciary Duties

Defendants and associated agents owed duties of:

- good faith;

- fair dealing;

- honest disclosure;

- proper handling of entrusted funds and policy benefits.

## V. DAMAGES AND INJURY

Plaintiff suffered:

- Financial loss;

- Loss of business opportunity;

- Disruption to nonprofit operations;

- Economic injury.

## VI. ADDITIONAL STATUTORY BASES

Plaintiff asserts violations including:

- 28 U.S.C. §1331 — federal jurisdiction

- 28 U.S.C. §2201 — declaratory judgment

- 15 U.S.C. §1605 — disclosure requirements

- 18 U.S.C. §§1341, 1343, 1344 — fraud-related conduct

- 18 U.S.C. §1512 — obstruction-related conduct
- 18 U.S.C. §1962 — pattern of fraudulent activity (if proven)

## VII. ABA MODEL RULES OF PROFESSIONAL CONDUCT (ATTORNEY MISCONDUCT BASIS)

Plaintiff asserts potential violations including:

1. Rule 1.1 — Competence
2. Rule 1.3 — Diligence
3. Rule 3.3 — Candor Toward the Tribunal
4. Rule 4.1 — Truthfulness in Statements to Others
5. Rule 8.4(c) — Conduct involving dishonesty, fraud, deceit, or misrepresentation

These rules are cited to preserve Plaintiff's right to raise disciplinary complaints if misconduct occurs.

## VIII. RELIEF REQUESTED

Plaintiff respectfully requests:

1. Compensatory damages totaling $5,000,000;
2. Restitution totaling $278,000;
3. Full accounting of all payments and policy calculations;
4. Declaratory judgment establishing contractual rights;
5. Injunctive relief preventing further misconduct;

5

6. Costs and equitable relief as deemed appropriate.

## IX. ALIGNMENT WITH FEDERAL CIVIL PROCEDURE

Filed pursuant to:

- Rule 2
- Rule 7(b)
- Rule 8
- Rule 11

## X. CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Motion was served upon the following:

Progressive Commercial Insurance Company

6300 Wilson Mills Road

Mayfield Village, OH 44143

The Law Office of Pucin & Freidland, Inc.

935 National Parkway, Suite 40

Schaumburg, IL 60173

Mailing Address:

1699 E Woodfield Rd #360A

Schaumburg, IL 60173

Date: February 24, 2026

Travis Sintell McCrae

*[signature]*

2-24-26