IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Travis McCrea, a/k/a Travis McCrae, a/k/a Travis Sintell McCrae, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Progressive Commercial Insurance Company, related agents, adjusters, and counsel, Pucin & Friedland Law Office, )<br><br>Defendants. ) | CASE NO.: 4:26-cv-00785-JD-TER<br><br>**MEMORANDUM ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 9.) The Report recommends that this action be dismissed without prejudice for failure to bring the case into proper form and that all pending motions be deemed moot. (*Id.*) Plaintiff Travis Sintell McCrae, proceeding *pro se*, filed a consolidated response to the Report, motion to reopen, motion for leave to amend, and motion for temporary injunctive relief. (DE 11.) Plaintiff also filed Local Rule 26.01

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

answers to interrogatories, proposed service documents, and a later amended complaint. (DE 12; DE 13; DE 15.)

## I.    BACKGROUND

Plaintiff filed this civil action on February 25, 2026, naming Progressive Commercial Insurance Company and Pucin & Friedland Law Office as Defendants. (DE 1.) Plaintiff's original pleading is styled as a "Verified Motion for Recognition of Claims, Accounting, Declaratory Relief, Damages, Equitable Enforcement, and Preservation of Rights." (*Id.*) Liberally construed, Plaintiff alleges that Progressive Commercial Insurance Company and related persons failed to honor commercial insurance obligations, refused lawful tender, failed to provide accounting or disclosure, and engaged in conduct that harmed Plaintiff and his business operations. (*Id.*) Plaintiff asserts claims or theories including breach of contract, insurance bad faith, unjust enrichment, fraud-related conduct, and alleged violations of federal statutes. (*Id.*)

On March 4, 2026, the Magistrate Judge entered a proper-form order advising Plaintiff that the case was not in proper form for service. (DE 6.) The order instructed Plaintiff to submit an AO240 form with parties matching the complaint, complete one summons form for each Defendant named in the action, complete and sign a separate Form USM-285 for each Defendant named in the action, and answer and sign the Local Rule 26.01 interrogatories. (*Id.*) The order warned Plaintiff that failure to bring the case into proper form could result in dismissal for failure to prosecute and failure

to comply with an order of the Court under Rule 41 of the Federal Rules of Civil Procedure. (*Id.*)

The Clerk mailed the proper-form order and the proper-form documents to Plaintiff at his address of record. (DE 7.) Plaintiff did not submit the required proper-form documents within the time allowed.

## II.     REPORT AND RECOMMENDATION

On April 6, 2026, the Magistrate Judge issued the Report recommending dismissal without prejudice. (DE 9.) The Report found that Plaintiff had failed to comply with the March 4, 2026, proper-form order, that the mail sent to Plaintiff had not been returned, and that Plaintiff's failure to respond indicated a lack of intent to prosecute the case. (*Id.*) The Report recommended dismissal without prejudice and recommended that all pending motions be deemed moot. (*Id.*)

The Report advised Plaintiff of the deadline to file specific written objections and warned that failure to timely file specific objections could waive appellate review. (*Id.*) On April 14, 2026, Plaintiff filed a consolidated response to the Report, a motion to reopen, a motion for leave to amend, and a motion for temporary injunctive relief. (DE 11.) Plaintiff also filed proposed service documents and Local Rule 26.01 answers. (DE 12; DE 13.) On April 27, 2026, Plaintiff filed an amended complaint naming Progressive Commercial Insurance Company, Pucin & Friedland Law Office, John Sauerland, Caine & Weiner Inc., and Board of Members 1–10 as Defendants. (DE 15.)

### III.    LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### IV.    DISCUSSION

After a thorough review of the Report, Plaintiff's response and objections, Plaintiff's later filings, the record, and the applicable law, the Court adopts the Report in part and modifies the recommended disposition. Because Plaintiff proceeds *pro se*, his filings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction, however, does not permit the Court to ignore a clear failure to allege facts establishing a claim currently cognizable in federal court, rewrite a complaint to include claims not presented, or construct legal arguments for a litigant.

4

*See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Report correctly found that Plaintiff failed to comply with the March 4, 2026 proper-form order within the time allowed. (DE 6; DE 9.) The proper-form order clearly directed Plaintiff to submit corrected *in forma pauperis* paperwork, summons forms, USM-285 forms, and Local Rule 26.01 answers. (DE 6.) The order also warned Plaintiff that failure to comply could result in dismissal under Rule 41. (*Id.*) Plaintiff did not submit the required materials before the deadline expired. Thus, dismissal without prejudice under Rule 41(b) was available when the Report was entered.

However, the Court declines to dismiss this action at this time. Plaintiff filed a timely response to the Report. (DE 11.) That filing acknowledges the Court's proper-form directives, represents that Plaintiff seeks to comply with procedural requirements, and requests leave to amend. (*Id.*) Plaintiff also submitted USM-285 forms and Local Rule 26.01 answers shortly after the Report was issued. (DE 12; DE 13.) Plaintiff later filed an amended complaint. (DE 15.) Although these filings do not excuse Plaintiff's failure to comply with the proper-form order when compliance was due, they demonstrate some intent to prosecute this action and to attempt to cure the procedural deficiencies.

Accordingly, Plaintiff's objections are sustained only to the extent he asks the Court not to dismiss the action immediately and seeks leave to proceed on an amended complaint. The objections are overruled in all other respects. The Court

5

adopts the Report's finding that Plaintiff did not timely comply with the proper-form order, but the Court *modifies* the recommended remedy.

Plaintiff's motion to reopen is denied as moot because no final judgment has been entered and this action has not been dismissed. Plaintiff's motion for leave to amend is granted to the extent the Court will allow the amended complaint filed at DE 15 to be considered as the operative amended pleading for purposes of proper-form review and initial screening. The Court expresses no opinion at this time on whether the amended complaint states a claim, establishes jurisdiction, names proper parties, or is otherwise subject to service. Those issues are recommitted to the Magistrate Judge for further proceedings.

Plaintiff's motion for temporary injunctive relief is denied without prejudice. Plaintiff seeks broad relief, including temporary commercial insurance coverage, correction of financial reporting, prevention of collection activity, protection of business operations, and other equitable relief. (DE 11.) The request is not supported by a developed record, Defendants have not been served, and the case has not yet passed initial review. Plaintiff has not made the required showing for extraordinary injunctive relief at this stage. The denial is without prejudice to Plaintiff's ability to file an appropriate motion if the case proceeds and if he can satisfy the applicable legal standard.

The Court also notes that Plaintiff's later filings appear to reference Nipsey'z Checkmate, Incorporated, and to seek relief for alleged business injuries. (DE 11.) Plaintiff is advised that a *pro se* litigant generally may appear only on his own behalf

and may not represent a corporation, nonprofit, trust, or other separate legal entity in federal court. To the extent Plaintiff seeks relief on behalf of a separate entity, he must address that issue in any future filings as directed by the Magistrate Judge or the Court.

This matter is recommitted to the Magistrate Judge for further proper-form review, initial screening, and any further pretrial proceedings authorized by Local Civil Rule 73.02.

## V.    CONCLUSION

After a thorough review of the Report, Plaintiff's response and objections, Plaintiff's later filings, the record in this case, and the applicable law, the Court ADOPTS IN PART AND MODIFIES IN PART the Report and Recommendation (DE 9). The Court adopts the Report's finding that Plaintiff failed to comply timely with the March 4, 2026, proper-form order, but modifies the recommended disposition and declines to dismiss the action at this time.

Plaintiff's consolidated response and objections (DE 11) are SUSTAINED IN PART and OVERRULED IN PART. They are sustained only to the extent Plaintiff seeks one further opportunity to proceed on an amended pleading; they are overruled in all other respects.

Plaintiff's motion to reopen, contained within DE 11, is DENIED AS MOOT. Plaintiff's motion for leave to amend, contained within DE 11, is GRANTED to the extent the Court will allow the amended complaint filed at DE 15 to be considered for

proper-form review and initial screening. Plaintiff's motion for temporary injunctive relief, contained within DE 11, is DENIED WITHOUT PREJUDICE.

This matter is RECOMMITTED to the Magistrate Judge for further proper-form review, initial screening of the amended complaint, and further pretrial proceedings.

IT IS SO ORDERED.


Florence, South Carolina
June 11, 2026

Joseph Dawson, III
United States District Judge


**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.